By the Court. Oakley, Ch. J.
The first objection tox the recovery is, that there was a private sale of the lemons in question, on the same day and at the same place where the public auction was held, and that therefore the sale at auction was illegal. It would require a pretty strong provision of law, to warrant a court in deciding that a sale under such circumstances would be so far 'invalid, as to enable the j>urchaser at the auction to keep the property without paying for it.
The statute is as follows :•—‘‘¡No auctioneer, on the day and at the place where his public auction shall be held, nor any person whatever, on the same day and at the same place, shall sell at private sale any goods or effects liable to auction duties; and every person who shall violate this provision, shall forfeit a sum equal to the price for which such goods shall have been sold.” (1 R. S. 532, § 25.) The lemons were subject to duty by the statute,-when sold at public auction. We have considered the section quoted, and think it was intended merely to secure the *53 state the payment of the duties imposed on sales at auction. It was intended to prevent auctioneers or owners of such goods, from bringing together a mass of people, attracted by the advertisement of an auction, and after fixing a price, to sell the whole or the greater part of the goods at private sale, and thus to evade the payment of the auction duty. Here the whole property was sold as advertised, and the duty paid to the state. The private sale made by the owner before the sale, to Hiller & Parsons, was not within the mischief to remedy which the statute was made, nor within its object or purpose, and therefore it does not come within its provision.
The other ground upon which the defendants seek to set aside the verdict, is the bid alleged to have been made by Hiller & Parsons, after they bought of Sus, and during the sale at auction. It is said this was puffing the goods, and was a fraud on the defendants and on the other bidders, and that it renders the sale void. The judge, at the trial, left it to the jury to say upon the evidence whether the auction sale was a fafr sale, and if not, to say what was the fair market value of the lemons. The jury found that the sale at auction was a fair sale. It is now contended that the bare fact that the owners were bidding at the sale, and that the purchasers were ignorant of their- interest at the time, in judgment of law constituted a fraud, and rendered the sale illegal.
The principles applicable to the subject, and the authorities, are collected in 2 Kent’s Comm. 537, &c. It is true the adjudged cases are not all consistent with each other, or entirely clear; but they show, in our opinion, that the true inquiry in each case is whether the sale was fair or not. The owner of property exposed for sale at auction, is at liberty to bid, if his intention to bid is made known ; or he may put it up at an upset price. If he bid privately, it is not necessarily a fraud. The whole question is then to be submitted as matter of fact, on all the circumstances, whether the sale that ensued was fair, or whether it was a fraud or an imposition on the other bidders. The jury here have negatived the fraud. We think the question was properly submitted to them, and that their verdict was quite right upon the evidence.
Hotion for new trial denied.